**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CV-624-GKF-SAJ |
| | ) | |
| ANN FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

This matter comes before the court on Plaintiff's Motion to Dismiss Counterclaim of Defendant Ann Fletcher [Docket No. 20]. Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") seeks dismissal or, alternatively, a stay of the counterclaim filed by defendant Ann Fletcher ("Fletcher").

JPMorgan filed this action on November 9, 2006, seeking $1.6 million from Fletcher on a claim of unjust enrichment. JPMorgan, a former co-trustee of the Carolyn S. Buford Trust (the "Trust"), claims it overpaid Fletcher $1.6 million in income from the Trust, that it repaid the Trust the amount overpaid to Fletcher, and that Fletcher has been unjustly enriched by the payment of income to which she was not entitled.

On March 22, 2007, Fletcher counterclaimed against JPMorgan, claiming JPMorgan breached its fiduciary duty as co-trustee of the Trust by investing the trust assets in an imprudent manner, by selling Exxon Mobil stock in disregard of the terms of the trust and the stated intent of the Grantors, by disregarding the instructions of the co-trustee regarding investments, by making investments without the co-trustee's consent, by investing the Trust assets in inappropriate derivative investments, and by self-dealing. Four months earlier, on November 13, 2006, Fletcher had previously filed the same counterclaim in the state District Court in and for Tulsa County, State

of Oklahoma, in Case No. PT-2006-13. JPMorgan argues that, in light of the ongoing state court proceedings, this federal court should abstain from hearing Fletcher's counterclaim under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state civil proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal counterclaim, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Amanatullah v. State Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

Upon review of the two counterclaims and the briefs submitted by the parties, this court finds and concludes that there is an ongoing state trust proceeding, that the state court provides an adequate forum to hear the counterclaim, and that the state trust proceeding involves important state interests – matters which traditionally look to state law for their resolution or implicate separately articulated state policies. Oklahoma statutory law demonstrates the state's interest in exercising jurisdiction to construe trust instruments created pursuant to Oklahoma law. *See* 60 O.S. § 175.23 ("[t]he [state] district court shall have original jurisdiction to construe the provisions of any trust instrument; . . . the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; . . . .). This court holds that abstention under the *Younger* doctrine is appropriate with respect to Fletcher's counterclaim. In light of JPMorgan's pending claim against Fletcher, the court determines that abstention ought best take the form of a stay of the counterclaim proceedings in this forum.

WHEREFORE, plaintiff's' motion [Docket #20] is granted insofar as defendant's counterclaim is stayed.

IT IS SO ORDERED this 3rd day of December 2007.

_Gregory K. Frizzell_
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma