**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CV-624-GKF-SAJ |
| | ) | |
| ANN FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

This matter comes before the Court on:  (1) the Motion of the Trust Company of Oklahoma

("Trust Company") to Appear as Amicus Curiae in Support of the Stay or Dismissal of this Action

[Document No. 48]; and (2) Trust Company's Motion for Leave to File Brief in Support of the Stay

or Dismissal of this Action [Document No. 50].

Participation as an amicus to brief and argue as a friend of the court is a privilege within the

sound discretion of the court, depending upon a finding that the proffered information of amicus is

timely, useful, or otherwise necessary to the administration of justice.  *United States v. Michigan*,

940 F.2d 143, 165 (6th Cir. 1991).[1]

> An amicus brief should normally be allowed when a party is not
> represented competently or is not represented at all, when the amicus
> has an interest in some other case that may be affected by the
> decision in the present case (though not enough affected to entitle the
> amicus to intervene and become a party in the present case), or when
> the amicus has unique information or perspective that can help the

---

[1]  On page 4 of its reply brief, Trust Company cites the district court decision granting an amicus "litigating amicus" status (*U.S. v. Michigan,* 116 F.R.D. 655, 662 (W.D. Mich. 1987), but does not cite the subsequent Seventh Circuit decision criticizing the trial court for condoning "the fiction of 'litigating amicus curiae.'"   The appellate panel reversed the lower court, holding that amicus was without standing "to compel the disclosure of [certain documents] or to exercise any litigating rights equal to a named party/real party in interest . . . ."  940 F.2d at 166.  Amicus was not precluded, however, from participation "in the traditional role of amicus curiae."  Although Trust Company seeks a more traditional amicus role, it erroneously argues that litigating amicus status is "available" under *U.S. v. Michigan.*

> court beyond the help that the lawyers for the parties are able to provide. [citations omitted].  Otherwise, leave to file an amicus curiae brief should be denied.

*Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Chief Judge Posner, in chambers).  Amicus briefs filed by allies of litigants which duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief, are an abuse and should not be allowed.  *Id.*  The term "amicus curiae" means friend of the court, not friend of a party. *Id.*

Trust Company contends it has an economic interest in this action because a determination by this federal court of JPMorgan's entitlement to an award of money from defendant Fletcher on JPMorgan's claim of unjust enrichment *could* have preclusive effect on the issue of JPMorgan's liability to the Trust (for which Trust Company is a successor co-trustee) in a pending state court probate action.  It also claims to have a unique perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

Upon review of the briefs submitted by the parties and the proposed amicus brief, the Court concludes that Trust Company's  motions should be denied.   First, the proposed amicus brief is not timely, useful or helpful to the Court beyond the help the lawyers for the parties are able to provide. The arguments urging the application of the *Colorado River* doctrine of abstention essentially duplicate arguments made by defendant's counsel.  Recently, Trust Company raised a new argument in an amended proposed amicus brief – that the *Younger* abstention doctrine applies to plaintiff's unjust enrichment claim.  The new argument is improper in that it places the proposed amicus in the position of an additional counsel for the defendant rather than a friend of the Court.  The new argument is untimely insofar as it raises a new dispositive issue well after the dispositive motion

deadline imposed by the Court and only days before the Final Pretrial Conference.

Second, Trust Company appears to be incorrect when it states that "[JPMorgan's] claim here involves the same facts and circumstances as the state trust action." There is no claim of unjust enrichment pending before the state court for overpayments reimbursed by JPMorgan to the Trust. The action before this Court does not involve the trust *res,* nor does it require this Court to exercise any control over the *res.* The state court pleadings appended to the briefs indicate that the trust action involves numerous additional claims of breach of fiduciary duty involving different facts and circumstances, and as to which JPMorgan has not reimbursed or compensated the Trust. Such claims include, but are not limited to: (1) that Bank One (JPMorgan's predecessor) engaged in self-dealing in violation of Oklahoma law by being on both the selling side and the buying side of three derivative investments known as variable prepaid forward contracts (VFPs); (2) that the trust sold 20,000 shares of Mobil Oil stock contrary to explicit directives the Grantors (W.G. and Gertrude Skelly) wrote into the Trust in 1955; and (3) that Bank One failed to maintain the Trust accounting records as required by the terms of the Trust and by Oklahoma law.

Third, Trust Company has not persuaded this Court that the resolution of JPMorgan's equitable claim for unjust enrichment will necessarily have a preclusive effect on any determination by the state probate court on the issues of JPMorgan's alleged breach of fiduciary duty or its liability to the Trust. Neither the Trust, nor its current co-trustees, nor its contingent remainder beneficiaries Marianne Borgono, Carolyn Ann Briggs, and Oklahoma Annual Conference of the United Methodist Church are parties to this action. Nor has Trust Company adequately attempted to help the Court wrestle with the issues of how and why such issues must be "actually litigated" by the parties to the unjust enrichment claim. For example, with regard to the state court claim by contingent remainder

3

beneficiaries that Bank One breached its fiduciary duties by overpaying Fletcher, the contingent beneficiaries and/or the co-trustee (who are not parties to this action) appear to be free to argue in the state action that JPMorgan has understated the amount of overpayments to Fletcher and has not yet fully reimbursed the Trust. It therefore does not appear that the issue of JPMorgan's liability to the Trust must be "actually litigated" between JPMorgan and Fletcher in this action. Moreover, Trust Company has not adequately explained why JPMorgan's claim of unjust enrichment against Fletcher "is *probably* a compulsory counterclaim in the state court action and should have been brought there."

Fourth, it does not appear that the proposed amicus possesses unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide. Finally, defendant Fletcher is represented in this case by exceptional lawyers. Current counsel are fully capable of presenting the law and the facts to assist the Court in resolving the issues presented.

WHEREFORE, the Motion of the Trust Company of Oklahoma to Appear as Amicus Curiae in Support of the Stay or Dismissal of this Action [Document No. 48] is denied; and the Motion of the Trust Company of Oklahoma for Leave to File Brief in Support of the Stay or Dismissal of this Action [Document No. 50] is denied.

IT IS SO ORDERED this 7th day of January 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

4